

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ASHLIE SANDERS HAYES,<br>        Plaintiff,<br>vs.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of*<br>*Social Security*,<br>        Defendant. | §<br>§<br>§  CIVIL ACTION NO. 0:22-1976-MGL-PJG<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff Ashlie Sanders Hayes (Hayes) seeks judicial review of the final decision of Kilolo Kijakazi, Acting Commissioner of Social Security (Kijakazi), denying her claim for disability insurance benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Kijakazi's final decision be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 20, 2023; and Hayes filed her objections on August 3, 2023. The Court has carefully reviewed Hayes's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Hayes filed her application for DIB on April 6, 2015. She contends her disability commenced on April 1, 2011. Kijakazi denied her claim.

Hayes then requested a hearing before an Administrative Law Judge (ALJ). After the hearing, the ALJ determined Hayes had the following severe impairments: Bipolar disorder, anxiety disorder, and Post-traumatic stress disorder. Nevertheless, in the ALJ's October 28, 2020, decision, he held Hayes was not disabled under the provisions of the Social Security Act (the Act).

After the Appeals Council denied Hayes's request for review of the ALJ's decision, Hayes filed this action for judicial review with the Court.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

It is the claimant's duty both to produce evidence and prove she is disabled under the Act. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  Under the substantial evidence standard, the Court must view the entire record as a whole.  *Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted).  The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

With this law as a framework, the Court will consider the four objections the Court has teased out of Hayes's submission. First, she objects to the Magistrate Judge's conclusion that the ALJ was correct in according Dr. Joseph Grace's (Grace) opinion limited weight. Grace was Hayes's treating psychologist.

Hayes makes much of the ALJ's statement that, "[i]n attributing limited weight to Dr. Grace's various opinions, I note that there is a limited treatment history for [Hayes] during the relevant period." A.R. at 596. The reason for the limited treatment history, according to Hayes, is set forth in Grace's treatment notes: "It is my understanding she was not able to keep seeing me because of her financial issues." A.R at 472.

But, the fact that "there is a limited treatment history for [Hayes]," A.R. at 596, is far from the only reason the ALJ afforded limited weight to Grace's opinion. As the ALJ explained in his decision denying DIB benefits to Hayes,

> Although [Grace] performed a 2015 consultative examination, [his] records are comprised of a two-page progress summary from March 2017 through August 2017, well after the date last insured.

4

> Moreover, these notes consist of reiterations of [Hayes's] subjective complaints without evidence of psychological testing or mental status examinations. While . . . Grace notes extreme introversion, depression, anxiety and probably panic attacks, primary care records describe [Hayes's] depression as moderate with no reports of panic attacks. In fact, [Hayes] most often appeared cooperative and in no apparent distress. . . . Grace indicates that Hayes is extremely isolative and prone to bouts of rage or irritability, all of which make interpersonal relations difficult, if not impossible. However, in her initial Function Report, [Hayes] indicated that she goes shopping several times a month and she gets along with authority figures "fine." A Third Party Function Report indicated [Hayes's] impairments do not affect her ability to get along with others and she leaves her house to attend doctors' appointments. [Hayes] reported to [Dr. James N. Ruffing (Ruffing), a consultative examiner,] that she can drive on occasion. She can utilize a phone and she managed appropriate eye contact. Regarding her confusion and poor concentration, as noted by . . . Grace, records indicate less severe findings. For instance, in her initial Function Report, [Hayes] indicated that her conditions do not affect her completion of tasks, concentration and following instructions. A review of symptoms from 2013 noted no evidence of an inability to concentrate. Similar findings were noted in March of 2014. . . Ruffing noted that[,] . . . while [Hayes's] attention and ability to focus seemed impaired due to emotional distress, she was able to recall 3 unrelated words immediately and after a five-minute delay. She was able to spell "world" correctly forwards and backwards. . . Grace indicates that [Hayes] is ["unable"] generally implies that [Hayes] has a complete inability to function to a point that she would be unable to work a full-time job. However, records indicate that [Hayes] is able to take care of her personal needs, prepare simple meals, complete some household chores, drive on occasion, use a phone, attend the consultative examination independently, complete intake forms, manage appropriate eye contact, appear adequately groomed, and respond appropriately to questions. In sum, I find . . . Grace's dire assessments to be inconsistent with the weight of the treatment record.

A.R. at 596-97. Thus, to underscore the last sentence in the quotation above: the ALJ's decision to discount Grace's opinion was primarily based on the fact that "Grace's dire assessments [were]

inconsistent with the weight of the treatment record[,]" *Id*. at 597, and not on the "limited treatment history for [Hayes]," A.R. at 596

Hayes also complains that " the Magistrate Judge found that the ALJ correctly noted that there is no evidence in the record of psychological testing or mental status examinations performed in conjunction with the summary of progress from March 2017 through August 2017. But in . . . Grace's opinions[,] he specifically referred back to the diagnostic testing he conducted in 2015." Objections at 2 (citation omitted) (internal quotation marks omitted).

As noted in the quotation from the ALJ's decision above, the ALJ was aware of the testing done in 2015: "Although [Grace] performed a 2015 consultative examination, [his] records are comprised of a two-page progress summary from March 2017 through August 2017[.]" A.R. at 596. The ALJ also discusses the consultive examination earlier in his decision. *See* A.R. at 595 (detailing the May of 2015, psychological examination of Hayes). Thus, the ALJ's statement that there was no evidence of psychological testing or mental status examinations obviously refers to there not being any more recent tests or examinations.

Additionally, according to Hayes, "the Magistrate Judge ignores the fact that . . . Grace's summary of visits does indicate his own personal observations such as Hayes appearing rather tense and somewhat withdrawn during session." *Id*. at 3 (citation omitted) (internal quotation marks omitted).

This might amount to substantial evidence to support Hayes's claim to give Grace's opinion more weight.. As the Court stated earlier, however, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough*, 785 F.2d at 1149. That is the situation we have here.

6

Even though there may be evidence in the record to support Hayes's position, there is also substantial evidence to support the ALJ's decision to afford Grace's opinions limited weight.

Hayes also maintains "it was for the ALJ to reconcile the conflicting evidence, not just summarize a mix of findings." Objections at 3. The Court rejects the suggestion the ALJ failed to reconcile the conflicting evidence, and instead merely summarized the conflicting evidence. The block quote above demonstrates that the ALJ explained his reasons for discounting some of Grace's opinions.

Further, in conclusory fashion, Hayes argues "the ALJ's selective citation to the record did not show adequate consideration of Hayes's chronic mental illness." But, as the Court stated earlier, the ALJ determined Hayes had the following severe impairments: Bipolar disorder, anxiety disorder, and Post-traumatic stress disorder. Nevertheless, as is the case here, a severe mental impairment fails to automatically deem one disabled under the Act when there is substantial evidence to support a finding by the ALJ that the claimant failed to establish she is disabled..

For all of these reasons, the Court will overrule Hayes's first objection.

Second, Hayes argues the Magistrate Judge misjudged the ALJ's treatment of the evidence from Dr. James E. James (James) and Dr. Kimberly Bridges (Bridges), her treating physicians. They are both family doctors. The ALJ also gave their opinions limited weight.

"Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). "Under such

7

circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

"Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005).

Hayes argues "specialty . . . did not actually weigh against . . . James and . . . Bridges [because] their opinions were consistent with the opinions from Hayes's treating mental health provider and the psychological consultative examiner[,]" Grace. Objections at 5. But, as the Court has already discussed, there is substantial evidence in the record to support the ALJ's decision to discount Grace's opinions. Thus, inasmuch as James's and Bridges's opinions were consistent with Grace's opinions, it was proper for the ALJ to discount their opinions, as well.

Therefore, the Court will also overrule Hayes's second objection.

In Hayes's third objection, she appears to suggest that the Magistrate Judge erred in failing to suggest that the ALJ relied on specious inconsistencies in the record to support its finding concerning her limitations. But, having carefully reviewed the ALJ's written opinion, along with the rest of the 884-page Administrative Record in this case, the Court agrees with the Magistrate Judge's observation that, "[t]he ALJ pointed to specific examples of inconsistencies in the record as to the specific limitations opined by these doctors and explained why those aspects of the opinions were being discounted." Report at 12.

Consequently, the Court will overrule Hayes's third objection, too.

Fourth, Hayes contends the "Magistrate Judge failed to appreciate that . . . Ruffing's rejected opinions were not inconsistent with the treating opinions." Objections at 7. The ALJ found the opinion of Ruffing to be somewhat persuasive.

The Magistrate Judge noted in the Report that "[t]he ALJ found . . . Ruffing's conclusions to be supported by objective examination findings and [Hayes's] reports." Report at 13. "However," the Magistrate Judge stated, "the ALJ stated to the extent that . . . Ruffing's somewhat vague conclusion that {Hayes] would struggle with concentration, persistence, and pace could be construed to support greater than moderate limitations in that domain, he found it to be inconsistent with the weight of the medical records." *Id*.

Simply put, the instances in which Rushing's opinions about Hayes's limitations are consistent with those of Grace, James and Bridges are inconsequential. This is so because there is substantial evidence in the record to support the ALJ's conclusion that the need for greater limitations than those the he deemed were proper is, again, "inconsistent with the weight of the medical records." A.R. at 599.

Accordingly, the Court will overrule Hayes's fourth objection, as well.

The Court has considered Hayes's remaining arguments, but holds them to be without merit. To the extent they amount to objections, the Court will also overrule them.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Hayes failed to establish she was disabled under the Act during the relevant time period; and the ALJ's decision is free from any reversible legal error. Further, the ALJ's determination is reasonable.

9

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hayes's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's final decision denying Hayes's DIB claim is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 10th day of August, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
